# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ROBERT LEE OGLEGREE | * | |
| Petitioner, | * | |
| | | CASE NO. 5:07-CV-90008 |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:04-CR-039 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On August 20, 2007, Petitioner Ogletree filed in this court a Motion For Writ of Habeas Corpus By a Person in Federal Custody pursuant to 28 U.S.C. § 2241. In his motion Petitioner acknowledges that he pleaded guilty to Distribution of Hydrocodone and Acetaminophen in this court, and that, on March 15, 2005 (R-75), he received a sentence of 57 months imprisonment to be served consecutively to the 30 month sentence imposed upon him in Case No. 5:02-CR-24 for a total of 87 month imprisonment. (R-81) Petitioner's Motion is before this court for preliminary consideration.

## Procedural History

Subsequent to being sentenced as referenced above, Petitioner did not file a direct appeal of his sentence. On February 24, 2005, he had entered into a Plea Agreement with the Government "forever waiving his right to an appeal or other collateral review of defendant's sentence in any court . . . in the event the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its

sentence." (R-65) The district court did not exceed the advisory guideline sentence in Petitioner's case. Petitioner Ogletree filed a Pro-Se Motion for Extension of Time to File a § 2255 Motion on May 5, 2006, thirteen months after his sentence had become final by the passage of his ten-day direct appeal time.[1] His Motion For Extension was denied because his AEDPA one-year period of limitation had already expired before he filed this Motion For Extension of Time to file a § 2255 Motion. (R-80) Moreover, Petitioner had waived his right to collaterall review of his sentence. *See Williams v. United States,* 396 F.3d 1340 (11th Cir. 2005) (waiver of right to appeal directly or collaterally in § 2255 petition). Petitioner then filed his present Motion For Writ of Habeas Corpus By A Person In Federal Custody pursuant to 28 U.S.C. § 2241 on August 20, 2007, twenty-nine months after his conviction and sentence had become final. (R-81)

In his § 2241 Motion, Petitioner Ogletree contends that the court and his attorney should have taken into consideration at sentencing petitioners age and health pursuant to U.S.S.G. § 5H1.4, which provides for downward departures from a sentence range for "extraordinary physical impairment." He seeks a reduction on his sentence for reasons of health and age, and requests a new sentencing hearing and a sentence reduced to 44 months or that the remainder of his imprisonment be ordered served in home confinement. Petitioner is clearly seeking sentence relief which could only have been afforded pursuant

---

[1] When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted." *Adkins v. United States,* 204 F.3d 1086, 1089(11th Cir. 2000).

2

to a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, which he specifically waived and from which he is now time-barred, as demonstrated above.

## Conclusions of Law

The general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner. *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th 1987). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *McGee v. Hanberrry,* 604 F.2d 9, 10 (5th Cir. 1979)$^{2}$. . . . In *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), the Court discussed the 'inadequate and ineffective' language and the legislative history of the legislation, holding that the mere fact that such a petition is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective. Moreover, "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner *plasters* on the cover." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004)**.**

Petitioner's Motion, filed in this court – the court that imposed his sentence – seeking a reduction of his sentence, comes too late. The Anti-Terrorism and Effective Death

---

$^{2}$The Eleventh Circuit, sitting en banc in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255,effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

All of Petitioner's claims were evident to him at the time of his sentencing. His claim is that the district court should have taken his age and health into sentence consideration. There is in indication that the court did not. Petitioner's delay of 29 months to file any challenge to his sentence fails to meet the AEDPA time-limit provisions. His present Motion is time-barred as beyond the statute of limitations, and this court is without authority to entertain it. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction. . . . Congress meant to streamline and simplify (the habeas corpus process)."

*Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).

**WHEREFORE, IT IS RECOMMENDED,** upon the foregoing authority, that Petitioner's Motion be DENIED.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 27th day of August 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE