IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 5:04-CR-39 (HL) |
| | : | |
| ROBERT LEE OGLETREE, | : | |
| | : | |
| Defendant-Petitioner. | : | |

## ORDER

This matter is before the Court on the Motion for Home Confinement (Doc. 87) and the Motion for Immediate Release from Custody (Doc. 88) (together, the "Motions") filed by Robert Lee Ogletree (the "Petitioner"). For the following reasons, the Motions are denied.

In his Motions, the Petitioner contends that he has completed the terms of his sentence and that he should be released from confinement. As this is an action wherein a prisoner "challeng[es] the very fact or duration of his physical imprisonment, and the sole relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841 (1973).  Although the Petitioner does not characterize it as such, this Court should construe the Petitioner's request as a habeas claim. Prather v. Norman, 901 F.2d 915, 917 (11th Cir. 1990).

The Petitioner may only bring a claim such as this "in the district court for the district in which the inmate is incarcerated." <u>Fernandez v. U.S.</u>, 941 f.2d 1488, 1495 (11th Cir. 1991).  The Petitioner is confined to the Federal Correctional Institute in Springfield, Missouri, which is located in the Western District of Missouri.  Therefore, this is not the proper jurisdiction in which to file a habeas claim.  The Motions (Docs. 87 and 88) are denied.

**SO ORDERED**, this the 7th day of April, 2010.

<u>*s/ Hugh Lawson*</u>
HUGH LAWSON, Senior Judge

jch